**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SEGUNDO MANUEL TIGSILEMA YANCHALIQUIN,

Petitioner,

v. Case No. 1:26-cv-00102 KWR-LF

WARDEN, *Torrance County Detention Facility*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR,
*Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING MOTION TO ENFORCE**

THIS MATTER comes before the Court on Petitioner's Motion to Enforce Judgment (Doc. 20). The Court granted in part Petitioner's habeas petition and ordered Respondents to hold an individualized bond hearing. Respondents held an individualized bond hearing before an immigration judge, who denied bond or release, finding that Petitioner is a flight risk. Now, Petitioner requests that the Court enforce its judgment and order his release. Petitioner asserts that the immigration judge erred in finding he was a flight risk. For the reasons stated below, the Court **DENIES** Petitioner's Motion.

**BACKGROUND**

Petitioner is a citizen of Ecuador who sought asylum in the United States. Pet. ¶ 45, Doc. 1. Petitioner asserted that he entered the United States on August 12, 2024. *Id.* ¶ 46. Petitioner

asserted that he is employed and had no arrests or adverse interactions with law enforcement in the United States. *Id.* ¶ 52. Under Count Three, Petitioner alleges a violation of the INA, as Respondents erroneously classified him under the mandatory detention provisions of § 1225(b)(2)(A). He also summarily asserts a due process claim, which appears to be based on the lack of a custody hearing. *Id.* ¶ 74.

The Court ordered Respondents to hold a bond hearing under 8 U.S.C. § 1226(a) before an immigration judge. The immigration judge held a bond hearing and denied relief, stating in his written order as follows:

> Flight risk, highly speculative form or relief, manner of entry, working in the US without permission in the US, and questionable bond sponsor - no nexus to any protected ground

Doc. 20-1 at 1.

**DISCUSSION**

Petitioner asserts that the bond hearing was inadequate for the following reasons

> (1) the IJ failed to consider the required factors the BIA set forth in *Matter of Guerra*, which overwhelmingly support granting bond to Mr. Tigsilema; (2) the evidence of record does not satisfy the legal standard for "flight risk"; and (3) the IJ distorted *Matter of Dobrotvorskii*, 29 I&N Dec. 211 (BIA 2025), in its assessment of Mr. Tigsilema's sponsor.

Doc. 2-0 at 6-7.

Initially, the Court concludes it lacks jurisdiction over Petitioner's claims in his Motion to Enforce, as his claims all challenge the immigration judge's flight risk determination. The Court "retains jurisdiction to enforce its lawful judgments, including habeas judgments." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (explaining that district court has authority to enforce its habeas judgment). And the Court has jurisdiction over constitutional challenges to the application of § 1226. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (holding that "Section 1226(e) contains no explicit provision barring

habeas review, and . . . its clear text does not bar [a petitioner's] constitutional challenge"); *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). But the Court does not have jurisdiction to review an immigration judge's discretionary bond decision. Under § 1226(e), "[n]o court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction."). The Supreme Court explained that "§ 1226(e) precludes an alien from challenging a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release." *Jennings*, 583 U.S. at 296 (cleaned up). However, it "does not preclude challenges to the statutory framework that permits the alien's detention without bail." *Id.* (cleaned up). Here, Petitioner clearly challenges the immigration judge's discretionary bond decision, which is barred by § 1226(e). He asserts that the evidence was sufficient to show he is not a flight risk. He also challenges the application of the BIA's *Guerra* factors in reaching the flight risk determination. The application of the discretionary *Guerra* factors is a discretionary decision. Nothing in Petitioner's Motion challenges the statutory framework as in *Jennings.*

Petitioner asserts that the Court has jurisdiction to review the immigration judge's flight risk determination pursuant to *Wilkinson v. Garland*, 601 U.S. 209, 223 (2024). Section 1252(a)(2)(D) provides that a court of appeals may review appeals of final orders of removal via petitions raising "constitutional claims or questions of law." 8 U.S.C. 1252(a)(2)(D). *Wilkinson* held that courts of appeals have jurisdiction over "mixed questions of law and fact" because they

"fall within the statutory definition of 'questions of law' in § 1252(a)(2)(D) and are therefore reviewable." *Wilkinson,* 601 U.S. at 223. *Wilkinson* did not, however, expressly analyze the separate question of whether *district courts* have jurisdiction to reweigh the evidence and decide whether a party is a flight risk under § 1226(e). Section 1226(e) has no similar provision allowing such review. Here, *Wilkinson* is inapposite as it addressed the jurisdiction of (1) the courts of appeals (2) to review questions of law. It did not address a district court's jurisdiction under § 1226(e) to review flight risk determinations. Moreover, § 1226(e), unlike the statute at issue in § 1252(a)(2)(D), does not state that district courts have jurisdiction to review "questions of law." Here, Petitioner clearly seeks review of the immigration judge's flight risk determination. He asserts that he presented sufficient evidence to show he was not a flight risk. *Wilkinson* thus does not apply. The Court will not so broadly read *Wilkinson* as to entirely abrogate § 1226(e).

However, the Court has discretion to review constitutional violations. For example, a noncitizen is entitled at least to fundamental fairness at a bond hearing. "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (unpublished). Petitioner appears to assert that his determination was not individualized, but after reviewing the transcript, the Court disagrees. The parties were allowed to submit evidence and argument individualized to Petitioner's case, the immigration judge asked the parties questions relevant to the facts of Petitioner's case, and he issued an oral and written ruling based on the evidence submitted.

Alternatively, assuming the Court has jurisdiction and sits in appellate review of the immigration judge, Petitioner has not demonstrated that the immigration judge abused his discretion.[1]

Petitioner asserts that the record suggests that the immigration judge did not appropriately consider the required *Guerra* factors. He asserts that the *Guerra* factors overwhelmingly support release. The Court disagrees. At the bond hearing, the immigration judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *In Re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). The immigration judge may also consider various discretionary factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge has "broad discretion in deciding the factors that he or she may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Id.* at 40. The burden is on the detainee to demonstrate that release on bond is warranted. *Id.* The BIA case law following *Guerra* has either broadened these factors or taken an expansive view of these factors, allowing the immigration judge to consider whether a detainee has a valid or credible sponsor and the immigration status of a sponsor. *See Matter of Dobrotvorskii*, 29 I. & N. Dec. 211, 213 (BIA 2025); *Matter of R-A-V-P-*

[1] Petitioner appears to admit that the abuse of discretion standard applies here. The Court therefore assumes it does.

, 27 I. & N. Dec. 803, 807 (BIA 2020). An immigration judge may also consider a detainee's immigration status and the likelihood that any application for relief will be granted. *Matter of R-A-V-P-*, 27 I. & N. Dec. at 807 (allowing immigration judge to consider a detainee's immigration status and likelihood that an application for relief, such as application for asylum, will be approved).

At the hearing, the immigration noted as follows. He examined Petitioner's likelihood of relief in removal proceedings and found that the evidence did not support relief from removal. He also considered Petitioner's sponsor – his child's teacher – and whether the sponsor could support him and his family. The DHS attorney noted that Petitioner was working without authorization, which the immigration judge also noted. The immigration judge's decision was clearly based on considerations permitted under *Guerra, R-A-V-P,* and *Dobrotvorskii*. Petitioner does not cite to any authority that the immigration judge is required to recite each *Guerra* factor.

The immigration judge also stated the following in his written order:

> Flight risk, highly speculative form or relief, manner of entry, working in the US without permission in the US, and questionable bond sponsor - no nexus to any protected ground

Doc. 20-1 at 1. All of these are appropriate considerations under *Guerra, R-A-V-P, and Dobrotvorskii,* as explained above.

Petitioner asserts that the evidence was insufficient to find a flight risk. The Court disagrees. Whether or not the Court would have made the same bond decision, the Court cannot find that the immigration judge abused his discretion.

Petitioner asserts that the immigration judge erred by considering whether his sponsor could support him and his family. The Court disagrees. "The existence of a valid, reliable, and credible sponsor is relevant to the determination of flight risk. Although sponsorship is not a flight

risk factor specifically enumerated in *Matter of Guerra*, 24 I&N Dec. at 40, evidence of a legitimate sponsor relates directly to whether the alien has a fixed address, which is a flight risk factor enumerated in *Matter of Guerra*, as well as the alien's degree of community ties." *Matter of Dobrotvorskii*, 29 I. & N. Dec. 211, 213–14 (BIA 2025). *Dobrotvosrskii,* citing to *Matter of R-A-V-P,* explained that in assessing flight risk "the Immigration Judge may consider a sponsor's immigration status and **ability to financially support an alien** and ensure his or her presence at future immigration hearings because, while the Board's reasoning in *Matter of Guerra*, did not specifically enumerate those factors, those factors are relevant to whether the alien will have a fixed address during the immigration proceedings and the likelihood that the alien will appear at future hearings." *Matter of Dobrotvorskii*, 29 I. & N. Dec. at 214 (emphasis added) (citing *Matter of R-A-V-P-,* 27 I&N Dec. 803, 806 (BIA 2020)). Thus, the immigration judge did not abuse his discretion in deciding that Petitioner did not have an adequate sponsor.

## CONCLUSION

Having reviewed the record before the Court, the Court finds that the Court lacks jurisdiction to review the flight risk determination at the bond hearing. Petitioner has not demonstrated that the immigration judge committed a constitutional violation at the hearing or that Court has jurisdiction to act in appellate review of the immigration judge's flight risk determination. In the alternative, assuming the Court has jurisdiction to act in appellate review, Petitioner has not demonstrated an abuse of discretion.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Enforce (Doc. 20) is **DENIED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE